<partyblock>

Medical Diversified Services, Inc., as Assignee of William Tarplain, Respondent,

against

MVAIC, Appellant.

Morris, Duffy, Alonso & Faley (Gregory S. Nelson, Esq.), for appellant.

Lewin, Goodman, Baglio, LLP, for respondent (no brief filed).

Appeal from a judgment of the Civil Court of the City of New York, Queens County (Rudolph E. Greco, J.), entered September 12, 2014. The judgment, entered pursuant to a decision of the same court dated February 4, 2009, after a nonjury trial, awarded plaintiff the principal sum of $783.70.

ORDERED that, on the court's own motion, the notice of appeal from the decision dated February 4, 2009 is deemed a premature notice of appeal from the judgment entered September 12, 2014 (see CPLR 5520 [c]); and it is further,

ORDERED that the judgment is reversed, with $30 costs, and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.

At a nonjury trial in this action by a provider to recover assigned first-party no-fault benefits, plaintiff's witness testified that the claims had been mailed to defendant Motor Vehicle Accident Indemnification Corporation (sued herein as MVAIC). Following the trial, the Civil Court awarded judgment to plaintiff in the principal sum of $783.70.

"The filing of a timely affidavit providing the MVAIC with notice of intention to file a claim is  a condition precedent to the right to apply for payment from [MVAIC].' Compliance with the statutory requirement of timely filing a notice of claim must be established in order to demonstrate that the claimant is a  covered person,' within the meaning of the statute, entitled to [*2]recover no-fault benefits from the MVAIC" (Avicenna Med. Arts, P.L.L.C. v MVAIC, 53 Misc 3d 142[A], 2016 NY Slip Op 51535[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2016] [citations omitted]; see Insurance Law  5208 [a] [1], [3]; 5221 [b] [2]). As plaintiff did not establish that such an affidavit had been submitted to MVAIC, plaintiff failed to establish its prima facie case (see Insurance Law  5202 [b]; 5208, 5221 [b] [2]).

Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for the entry of a judgment in favor of defendant dismissing the complaint.

PESCE, P.J., ALIOTTA and SOLOMON, JJ., concur.

ENTER:

Paul Kenny

Chief Clerk

Decision Date: December 22, 2017

<form method="LINK" action="../../slipidx/at_2_idxtable.shtml">

<input type="submit" value="Return to Decision List">

</form>

</partyblock>